# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **JAMES LESTER ROUDABUSH, JR.**, |
| Plaintiff, |
| v. |
| **STACIA HYLTON, et al.**, |
| Defendants. |

Case No. 1:15-cv-0847 (CRC)

## OPINION AND ORDER

Under the so-called three-strikes provision of the Prison Litigation Reform Act ("PLRA"), a prisoner who has had three or more civil actions or appeals dismissed "on the grounds that [the case was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted" may not proceed *in forma pauperis* ("IFP") in federal court "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Defendants have moved for reconsideration of the Court's June 8, 2015 Order granting Plaintiff James Roudabush, Jr.'s IFP motion on the ground that Roudabush, a federal prisoner, has accumulated the requisite number of qualifying dismissals.

Roudabush contends that Defendants have waived their right to challenge his IFP status under Rule 12 of the Federal Rules of Civil Procedure. Pl.'s Opp'n Defs.' Mot. Reconsideration ¶ 2, ECF No. 16. But one's ability to proceed IFP is not a defense subject to waiver under Rule 12(d) of the Federal Rules of Civil Procedure. Rather, IFP status is a privilege that "may be acquired and lost during the course of litigation." Thomas v. Beutler, No. 2:10–cv–01300 MCE CKD P, 2012 WL 5464631, at *1 (E.D. Cal. Nov. 7, 2012); see also Hurt v. Soc. Sec. Admin., 544 F.3d 308, 309 (D.C. Cir. 2008) (cautioning that "[t]his Circuit grants IFP status to various plaintiffs, . . . but asserts its discretion to deny *or revoke* this privilege for abusive litigants" (citing Butler v. Dep't of Justice, 492 F.3d 440, 445 (D.C. Cir. 2007) (emphasis added))). The grant of IFP status

typically occurs at the "commencement" of a lawsuit and before service of process. 28 U.S.C. § 1915(a)(1), (d). As a result, courts frequently reconsider a plaintiff's IFP status when moved to do so during the course of litigation. See Asemani v. U.S. Citizenship & Immigration Servs., 797 F.3d 1069, 1073 (D.C. Cir. 2015) (referencing, and declining to disturb, "the district court's order vacating IFP status and . . . dismissing [the plaintiff's] case"); Moon v. Fed. Bureau of Prisons, No. 12–0416 (RWR), 2012 WL 6135856, at *1 (D.D.C. Dec. 10, 2012) (revoking a plaintiff's IFP status); DeBrew v. Atwood, No. 10–0650 (JDB), 2010 WL 5055821, at *2 (D.D.C. Dec. 6, 2010) (same); Ruston v. U.S. Secret Serv., 751 F. Supp. 2d 59, 62 (D.D.C. 2010) (same); Benavides v. Fed. Bureau of Prisons, No. 10-0062 (RWR), 2010 WL 2574104, at *2 (D.D.C. June 18, 2010) (same); see also McLeod v. Jones, No. 4:15-cv-188-RH-GRJ, 2015 WL 9598791, at *3 (N.D. Fla. Sept. 17, 2015) (noting that "[s]everal courts have interpreted § 1915(g) as permitting courts to revoke a previously granted [IFP] status if it later becomes evident that the original IFP status should not have been granted" (citing Magee v. Clinton, No. 04–5247, 2005 WL 613248, at *1 (D.C. Cir. Mar. 14, 2005) (other citations omitted))).

"In deciding whether to revoke plaintiff's IFP status, . . . this Court may take judicial notice of, and rely upon, the rulings of other courts." Ruston, 751 F. Supp. 2d at 61 (citing Mitchell v. Fed. Bureau of Prisons, 587 F.3d 415, 418–19 (D.C. Cir. 2009)); see also Magee, 2005 WL 613248, at *1 (revoking appellant's IFP status based on a three-strikes determination from the Northern District of California). The United States District Court for the District of New Jersey has determined that "[Roudabush] has three strikes under the PLRA," citing at least three qualifying dismissals that occurred prior to the filing of this civil action. Roudabush v. Bittinger, Civ. No. 15–3185 RMB, 2015 WL 4616869, at *1 (D.N.J. July 31, 2015); see also Roudabush v. McKool, Civ. No. 15–4233 (RMB), 2015 WL 3970078, at *2 (D.N.J. June 30, 2015), appeal dismissed (Oct. 27, 2015) (finding that "[Roudabush] acquired three strikes in the following cases:" Roudabush v.

United States, 11-cv-980 (SDW-MCA) (D.N.J. July 14, 2011 and July 13, 2012) (failure to state a claim); Roudabush v. Johnson, 11-cv-7444 (RMB) (D.N.J. Aug. 16, 2012) (same); Roudabush v. Johnson, No. 705-cv-00691, 2006 WL 270020, at *2 n.3 (W.D. Va. Feb. 3, 2006) (frivolous and/or failure to state a claim)).

Based on the foregoing cases, the Court finds that at the commencement of this action on June 8, 2015, Roudabush was ineligible under § 1915(g) to proceed IFP.  There is no occasion to consider the imminent-danger exception, because Roudabush's complaint is based on the alleged loss of his legal documents during a prison transfer in October 2013, and he has not otherwise alleged that he was facing imminent danger "at the time [he] filed his complaint."  Asemani, 797 F.3d at 1074 (quoting Pinson v. Samuels, 761 F.3d 1, 5 (D.C. Cir. 2014)); see also Mitchell, 587 F.3d at 420 (in assessing imminent danger, courts examine "the alleged danger at the time [the complaint is filed] and thus look only to the documents attesting to the facts at that time, namely [the] complaint and the accompanying motion for IFP status").

Accordingly, it is

**ORDERED** that Defendants' motion for reconsideration is **GRANTED**, and the Court's Order of June 8, 2015, ECF No. 4, is hereby **VACATED**; it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(g), Plaintiff is barred from proceeding *in forma pauperis*; it is further

**ORDERED** that Plaintiff shall pay in full the $350 filing fee by **February 29, 2016**, or suffer dismissal of this case without prejudice.[1]

---

[1] The Clerk's finance office has confirmed that no payment has been received toward the filing fee for this case.

                                                CHRISTOPHER R. COOPER
                                                United States District Judge

Date:   January 14, 2016